IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY BURGESS, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BOARD OF EDUCATION OF OTTAWA ) <br> TOWNSHIP HIGH SCHOOL DISTRICT ) <br> 140, ) <br> ) <br>    Defendant. ) | Case No. 17 CV 01032 <br><br> Judge |

**PETITION FOR REMOVAL**

NOW COMES Defendant, BOARD OF EDUCATION OF OTTAWA TOWNSHIP HIGH SCHOOL DISTRICT 140, pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441 to file their Petition for Removal of the case styled *Timothy Burgess v. Board of Education of Ottawa Township High School District 140*, pending as Case No. 17 L 2 in the Circuit Court of Thirteenth Judicial Circuit, LaSalle County, Illinois ("the Complaint"), on the following grounds:

1. Plaintiff filed the underlying Complaint against the Defendant on January 6, 2017. (A true and correct copy of Plaintiff's Complaint at Law is attached hereto as Exhibit 1.)

2. Plaintiff is a resident and citizen of Utica, Illinois which is located in LaSalle County, Illinois.

3. The Board of Education of Ottawa Township High School District 140 ("the Board of Education") is a duly elected board of education which operates and controls Ottawa Township High School pursuant to the Illinois School Code. The administrative offices of the Board of Education are located in Ottawa, Illinois which is located in LaSalle County, Illinois.

4. In Count III of the Complaint, Plaintiff alleges that the Board of Education violated his rights pursuant to the First Amendment to the United States Constitution and his claims are brought pursuant to 42 U.S.C. §1983. (See Exhibit 1, pg. 6-7).

5. The claim set forth in Count III of the Complaint constitutes a civil action over which the United States District Court properly has original jurisdiction pursuant to 28 U.S.C. §1331 as it presents a claim for a violation of the United States Constitution.

6. Since Plaintiff resides in LaSalle County, the administrative offices of the Board of Education are in LaSalle County and the interactions described in the Complaint all occurred in LaSalle County, this Court is the proper venue for this claim.

7. As this Court properly has original jurisdiction over the claims set forth in Count III of the Complaint and this court is the proper venue for these parties, this matter is properly removed to this Court pursuant to 28 U.S.C. §1441(a).

8. Pursuant to 28 U.S.C. §1446(b)(1), "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading ... or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

9. The United States Supreme Court has interpreted 28 U.S.C. §1446(b)(1) to require a petition for removal to be filed within thirty (30) days of formal service of process on the defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344 (1999).

10. The Defendant was served with formal process of service in this matter on January 18, 2017. (See Service of Summons Notice attached hereto as Exhibit 2).

11.     This Petition for Removal is therefore timely filed as required by 28 U.S.C. §1446(b)(1) since it was filed within 30 days after service of process.

12.     The Board is the sole defendant in this matter and it consents to removal. As such, the requirements of 28 U.S.C. §1446(b)(2)(A) have been satisfied.

13.     A copy of this Petition for Removal will be filed with the Clerk of the Circuit Court of Thirteenth Judicial Circuit, LaSalle County, Illinois, as required by 28 U.S.C. §1446(d).

                                                           Respectfully submitted,

                                                           BOARD OF EDUCATION OF OTTAWA TOWNSHIP HIGH SCHOOL DISTRICT 140

                                      By:    /s/ William F. Gleason
                                                 WILLIAM F. GLEASON

WILLIAM F. GLEASON
HAUSER IZZO, LLC
19730 Governors Highway, Suite 10
Flossmoor, IL 60422
(708)799-6766

5G:\DISTRICTS\SD1\SD140LS\Burgess\petition.removal.1.doc

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
LASALLE COUNTY, ILLINOIS

| | |
|---|---|
| TIMOTHY BURGESS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17 – L – 2 |
| | ) |
| BOARD OF EDUCATION OF | ) |
| OTTAWA TOWNSHIP HIGH SCHOOL | ) |
| DISTRICT 140, | ) |
| | ) |
| Defendant. | ) |

13TH JUDICIAL CIRCUIT
LA SALLE COUNTY
FILED
JAN 0 6 2017
Guy Vaccaro
CIRCUIT CLERK

## COMPLAINT AT LAW

NOW COMES the Plaintiff, TIMOTHY BURGESS, by and through is attorneys, the LAW OFFICES OF PETER F. FERRACUTI, P.C., and for his Complaint against the Defendant, BOARD OF EDUCATION OF OTTAWA TOWNSHIP HIGH SCHOOL DISTRICT 140, alleges as follows:

### VENUE

1. Venue is proper within this judicial circuit because the action and events alleged herein occurred principally within LaSalle County.

### PARTIES

2. Plaintiff, Timothy Burgess, is an individual, formally employed by defendant as a full time certified teacher, assigned to the Physical Education Department.

3. Defendant, BOARD OF EDUCATION OF OTTAWA TOWNSHIP HIGH SCHOOL DISTRICT 140 is a body politic, organized and existing under the laws of the State of Illinois.

1

## COUNT I-BREACH OF CONTRACT

4. Plaintiff adopts and re-alleges paragraph 1 through 3 inclusive as if fully set forth herein.

5. On or about June 15, 1989 plaintiff entered into an employment contract (the "Contract") with defendant, wherein defendant hired plaintiff as a teacher and coach. A true and correct copy of the Contract is attached hereto and incorporated herein as Exhibit A.

6. Plaintiff performed all of his duties and responsibilities required under the Contract and not otherwise excused.

7. Paragraph 7 of the Contract provides that, "The execution of this contract shall not constitute a waiver by the Teacher of any rights which may have been acquired by him/her under the Teacher's Tenure Law of Illinois."

8. The Teacher's Tenure Law of Illinois, 105 ILCS 5/24-11 *et seq* (the "Tenure Law") provides in relevant part;

> Sec. 10-22.4. Dismissal of teachers. To dismiss a teacher for incompetency, cruelty, negligence, immorality or other sufficient cause, to dismiss any teacher on the basis of performance and to dismiss any teacher whenever, in its opinion, he is not qualified to teach, or whenever, in its opinion, the interests of the schools require it, subject, however, to the provisions of Sections 24-10 to 24-16.5, inclusive. Temporary mental or physical incapacity to perform teaching duties, as found by a medical examination, is not a cause for dismissal. Marriage is not a cause of removal.
> (Source: P.A. 97-8, eff. 6-13-11.)

9. The Teacher Tenure Law is a condition, and an implied term of the Contract and required "cause" as the standard for discharging plaintiff.

10. On January 9, 2015, defendant adopted a resolution (the "Resolution") dismissing plaintiff from its employ.

11. The Resolution and plaintiff's dismissal were without cause, in violation of the Tenure Law, and were a breach of the Contract.

12. As a direct and proximate result of defendant's violation of the Tenure Law and breach of the Contract, plaintiff has suffered and continues to suffer pecuniary damages.

WHEREFORE, Plaintiff, TIMOTHY BURGESS, respectfully prays for entry of judgment in his favor and against defendant, BOARD OF EDUCATION OF OTTAWA TOWNSHIP HIGH SCHOOL DISTRICT 140, in an amount in excess of the jurisdictional limits of this Court, and for such other and additional relief as the jury and this Court shall deem appropriate, plus costs.

## COUNT II-RETALIATORY DISCHARGE

13. Plaintiff adopts and realleges paragraphs 1 through 3 inclusive as and for paragraph 13, as if fully set forth herein.

14. Matt Winchester ("Winchester") is employed by defendant as its Superintendent.

15. As Superintendent, Winchester oversees the day to day operations of the defendant and supervises all of defendant's employees, including plaintiff.

16. The Ottawa Township High School Education Association ("OTHSEA") is recognized as the bargaining representative of full time certified teachers employed by defendant.

17. Plaintiff was a member of OTHSEA, and a member of its negotiating team, for negotiating wages, terms and conditions of employment with defendant..

18. On September 28, 2014 the OTHSEA held a meeting, during which time plaintiff criticized Winchester and his competency as Superintendent, and requested that the OTHSEA members take a vote of "no Confidence" in Winchester.

19. The vote of "No confidence" was delayed by a procedural tactic employed by teachers Peter Marx ("Marx") and Steve Doerrer ("Doerrer").

20. Although teachers and members of OTHSEA, Marx and Doerrer were critics of OTHSEA and supporters of Winchester and defendant's administration.

21. During the September 28 meeting teacher Mark Cartwright ("Cartwright") criticized plaintiff for requesting clarification of the procedural tactic employed by Marx and Doerrer.

22. Although a member of OTHSEA, like Marx and Doerrer, Cartwright was a supporter of Winchester and the defendant's administration and a critic of plaintiff.

23. The vote of "no confidence" was not taken at the September 28 meeting and following the meeting, Cartwright, Marx and Doerrer reported to Winchester on the events of the meeting including plaintiff's call for a vote of "no confidence".

24. On November 6, 2014 the OTHSEA held another meeting to consider the plaintiff's motion for a vote of no confidence.

25. During the November 6 meeting, member and wife of Winchester, Kristy Winchester spoke out against the requested "no Confidence vote" and criticized plaintiff, attacking his with personal remarks, for which she received no discipline.

26. During the November 6 meeting Burgess again spoke out against Winchester and his handling of certain situations which had occurred during his tenure as Superintendent.

27. The vote of "no confidence" ended in a draw and did not pass, and as the members exited the meeting plaintiff and Doerrer had a verbal exchange.

28. Following the exchange with plaintiff Doerrer ran to Winchester to discuss filing a complaint against Plaintiff, because as Superintendent Winchester was in charge of accepting, investigating and acting on complaints.

4

29. Criticism of Winchester reflects negatively on defendant and defendant's decision to hire and retain Winchester, and criticism of Winchester was in effect also criticism of the defendant's members' competency as a school board.

30. Although Winchester was the subject of the "no confidence vote", the motion for the "no confidence" vote was made by plaintiff and plaintiff publicly criticized Winchester's performance as Superintendent, Winchester chose to personally "investigate" and otherwise handle the Doerrer complaint even though Winchester had a conflict of interest and had the option of appointing someone who was independent to conduct the investigation.

31. Winchester then sustained the Doerrer complaint and charges were brought seeking plaintiff's discharge.

32. Plaintiff requested a hearing on the charges and the hearing officer issued Findings and Recommendation, recommending that plaintiff's dismissal be reversed.

33. Rather than accepting the Findings and Recommendation of the Hearing Officer, and knowing that Winchester had a conflict of interest throughout his "investigation" defendant concocted reasons to ignore the Findings and Recommendation and upheld plaintiff's dismissal.

34. The State of Illinois has a clearly established public policy that favors free speech and the right of citizen to criticize public officials such as Winchester.

35. The State of Illinois also has a clearly established public policy that favors the right of public employees to bargain collectively, and to meet for purposes of advancing collective rights, and to criticize the performance of public officials such as Winchester, in the performance of their public duties, during those meetings.

36. Winchester and defendant were displeased with plaintiff for his criticisms as reported by their snitches, Doerrer, Marx and Cartwright.

37. The decision to bring charges against plaintiff seeking his discharge, and the decision to ignore the hearing officer's recommendation that the discharge be overturned were both in retaliation for, and motivated by, the defendant's illegitimate animus directed at plaintiff due to his having engaged in the protected activities of criticizing Winchester and calling for a vote of "no confidence".

38. As a direct and proximate result of defendant's retaliatory discharge of plaintiff, plaintiff has suffered, and continues to suffer pecuniary losses and has suffered, and continues to suffer emotional distress.

WHEREFORE, Plaintiff, TIMOTHY BURGESS, respectfully prays for entry of judgment in his favor and against defendant, BOARD OF EDUCATION OF OTTAWA TOWNSHIP HIGH SCHOOL DISTRICT 140, in an amount in excess of the jurisdictional limits of this Court, and for such other and additional relief as the jury and this Court shall deem appropriate, plus costs.

## COUNT III-42 USC §1983

39. Plaintiff adopts and re-alleges paragraph 1 through 3 and 14 through 38, both inclusive as and for paragraph 36 as if fully set forth herein.

40. Plaintiff's criticism of Winchester and his call for a vote of "no confidence" were both forms of speech.

41. The performance of a school Superintendent and his qualifications to lead a school district are matters of public concern on which plaintiff has a right to speak and which right is protected by the First Amendment to the Constitution of the United States.

42. At all times relevant hereto there existed that certain statute commonly known as 42 U.S.C. §1983.

6

43. 42 U.S.C. §1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

44. The actions of defendant in investigating, charging and terminating plaintiff were in retaliation for his exercise of his right to engage in free speech as secured by the First Amendment to the Constitution of the United States.

45. As a direct and proximate result of defendant's retaliatory actions, plaintiff has suffered and will continue to suffer pecuniary damages and has suffered and continues to suffer emotional distress.

46. 42 U.S.C. §1988 provides for an award of attorney's fees to a prevailing party to an action brought pursuant to 42 U.S.C. §1983.

47. Plaintiff has incurred and will continue to incur attorney's fees in seeking to redress the violation of his constitutionally protected right to speak out on matters of public concern.

WHEREFORE, Plaintiff, TIMOTHY BURGESS, respectfully prays for entry of judgment in his favor and against defendant, BOARD OF EDUCATION OF OTTAWA TOWNSHIP HIGH SCHOOL DISTRICT 140, in an amount in excess of the jurisdictional limits of this Court, plus an award of all compensable costs and attorney's fees.

Respectfully Submitted,

TIMOTHY BURGESS, Plaintiff

BY: THE LAW OFFICES OF

7

PETER F. FERRACUTI, P.C.

_____
Alexis P. Ferracuti, Attorney

Alexis P. Ferracuti
ARDC#: 6316857
Law Offices of Peter F. Ferracuti, P.C.
110 E. Main St., Ottawa, IL 61350
P (815) 434-3535
F (815) 434-2796
aferracuti@peterferracuti.com

## AFFIDAVIT

Under penalties as provided by law pursuant to Illinois Supreme Court Rule 222, the undersigned certifies that at the time of this filing the amount of damages claimed is in excess of $50,000 to the best of his knowledge and belief.

_____
Alexis P. Ferracuti, Attorney

8

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
LASALLE COUNTY, ILLINOIS

| | |
|---|---|
| TIMOTHY BURGESS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-L-2 |
| BOARD OF EDUCATION OF OTTAWA TOWNSHIP HIGH SCHOOL DISTRICT 140 | ) |
| | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

13TH JUDICIAL CIRCUIT
LA SALLE COUNTY
FILED
JAN 06 2017
CIRCUIT CLERK

## SUMMONS

**TO EACH DEFENDANT:** Tim Creedon, Board of Education of Ottawa Township High School District 140, 211 E. Main St, Ottawa, IL 61350

**YOU ARE HEREBY SUMMONED** and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, Lasalle County Court House, 119 W. Madison, Ottawa, IL 61350, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

**TO THE OFFICER:** LaSalle County Sheriff's Department, 707 E. Etna Road, Ottawa, IL 61350

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any immediately after service. If service cannot be made, summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Witness_____,_____

*Clerk of Court*
*(Seal of Court)*

Attorney Alexis P. Ferracuti
ARDC # 6316857
LAW OFFICES OF PETER F. FERRACUTI, P.C.
Attorney for: Plaintiff
Address: 110 E. Main Street
City: Ottawa, IL 61350
Phone: 815/434-3535
Fax: 815/434-4513

Date of Service __01-18-__, 2017
(To be inserted by the Officer)

Exhibit 2, Page 1