UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY BURGESS, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 1032 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| BOARD OF EDUCATION OF OTTAWA TOWNSHIP HIGH SCHOOL DISTRICT 140, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Timothy Burgess sued the Board of Education of Ottawa Township High School District 140 in state court, alleging violations of Illinois law and 42 U.S.C. § 1983 arising from his termination as a teacher. Doc. 3 at 4-11. The Board removed the suit, *id*. at 1-3, and has moved for summary judgment, Doc. 9. The motion is granted.

**Background**

The following facts are set forth as favorably to Burgess, the non-movant, as the record and Local Rule 56.1 permit. *See Hanners v. Trent*, 674 F.3d 683, 691 (7th Cir. 2012). On summary judgment, the court must assume the truth of those facts, but does not vouch for them. *See Arroyo v. Volvo Grp. N. Am.*, 805 F.3d 278, 281 (7th Cir. 2015).

The Board employed Burgess as a teacher. Doc. 15 at ¶ 3. On January 9, 2015, the Board passed a resolution authorizing a notice of charges seeking his dismissal. *Id*. at ¶ 4. The notice alleged that Burgess's treatment of other staff members had been inappropriate and that he had been dishonest when questioned about his conduct. *Id*. at ¶ 5. At Burgess's request, a hearing was held before a mutually selected hearing officer, and the hearing officer

recommended that he be retained. *Id*. at ¶¶ 6-8. Nonetheless, in September 2015, the Board adopted a resolution authorizing a final order affirming his dismissal. *Id*. at ¶ 9.

In October 2015, Burgess filed suit against the Board in state court seeking administrative review of his termination ("*Burgess I*"). *Id*. at ¶¶ 10-11; Doc. 10 at 90-140. In October 2016, the state court affirmed the dismissal, and in January 2017, the court denied Burgess's motion to reconsider. Doc. 15 at ¶¶ 12-14. Burgess has appealed those orders. *Id*. at ¶ 14.

In October 2016, Burgess filed a second suit in state court against the Board, alleging that it "defamed him and placed him in a false light" based upon statements it made regarding his termination ("*Burgess II*"). *Id*. at ¶¶ 15-16. Specifically, Burgess alleged that the Board "orally and/or in writing defamed and/or falsely accused [him] of 'gross misconduct' in various insurance and personnel forms and filings." Doc. 10 at 425 ¶ 13. Burgess further alleged that the Board's defamatory statements were made "to injure [him], deny him employment, cover-up for his unlawful termination, deny [him] unemployment benefits, [and] ruin his reputation." Doc. 15 at ¶ 18; Doc. 10 at 425 ¶ 15. In December 2016, the state court entered a final and appealable order dismissing the suit with prejudice pursuant to 735 ILCS 5/2-619(a) and denying Burgess leave to file an amended complaint. Doc. 15 at ¶¶ 19-20; Doc. 10 at 433-441. Burgess did not appeal or move to reconsider that order. Doc. 15 at ¶ 21.

In January 2017, shortly after the state court dismissed *Burgess II*, Burgess filed the present suit. Doc. 3 at 3-11. Count I, for breach of contract, alleges that the Board's termination of him violated Illinois teacher tenure law because he was not dismissed for "cause." *Id*. at 5-6. Count II, for state law retaliatory discharge, alleges that the actual reason the Board terminated him was retaliation for his public criticism of the school district's Superintendent; specifically, Burgess alleges that "[t]he decision to bring charges against [him] seeking his discharge, and the

2

decision to ignore the hearing officer's recommendation that the discharge be overturned[,] were both in retaliation for, and motivated by, the [Board's] illegitimate animus directed at [him] due to his having engaged in the protected activities of criticizing [the Superintendent] and calling for a vote of 'no confidence.'" *Id*. at 9; *see id*. at 6-9. Count III, brought under 42 U.S.C. § 1983, alleges that the Board violated the First Amendment by terminating Burgess in retaliation for his protected speech. *Id*. at 9-10.

## Discussion

The Board moves for summary judgment on several grounds. The only ground that need be addressed is the Board's submission that res judicata (also called claim preclusion) arising from the final judgment in *Burgess II* bars Burgess from pursuing this federal suit.

Res judicata "provides for the finality of rulings by barring the relitigation of claims or defenses that had been or could have been brought in a prior case." *Smith Trust & Sav. Bank v. Young*, 727 N.E.2d 1042, 1045 (Ill. App. 2000); *see also Hicks v. Midwest Transit, Inc.*, 479 F.3d 468, 471 (7th Cir. 2007); *Wilson v. Edward Hosp.*, 981 N.E.2d 971, 975 (Ill. 2012). Because the judgment in *Burgess II* was issued by an Illinois state court, its preclusive effect is governed by Illinois law. *See Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 373 (1996); *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006). In Illinois, res judicata applies if: "(1) there was a final judgment on the merits rendered by a court of competent jurisdiction, (2) there is an identity of cause of action, and (3) there is an identity of parties or their privies." *River Park, Inc. v. City of Highland Park*, 703 N.E.2d 883, 889 (Ill. 1998); *see also Empress Casino Joliet Corp. v. Johnston*, 763 F.3d 723, 727-28 (7th Cir. 2014). In addition, the party against whom res judicata is invoked must have had a "full and fair" opportunity in the prior suit to litigate the claims brought in the later suit. *Hicks*, 479 F.3d at 471; *see also Janus v. Am. Fed'n of State, Cnty. &*

*Mun. Emps., Council 31*, 851 F.3d 746, 748 (7th Cir. 2017) (holding that the plaintiff had a full and fair opportunity to litigate his federal claim in state court where he "could have included his claim" in the state proceedings but failed to do so).

The first requirement, a final judgment on the merits, is satisfied. The state court dismissed *Burgess II* with prejudice pursuant to 735 ILCS 5/2-619(a), reasoning that Burgess's claims were "barred as a matter of law by the Tort Immunity Act and absolute privilege" and by the statute of limitations. Doc. 10 at 435-438. The court denied his request to file an amended pleading, *id*. at 440-441, and Burgess did not appeal. Under Illinois law, such a dismissal is an adjudication on the merits for purposes of res judicata. *See Rein v. David A. Noyes & Co.*, 665 N.E.2d 1199, 1204-05 (Ill. 1996) ("[U]nless [an] order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits") (quoting Illinois Supreme Court Rule 273); *see also DeLuna v. Treister*, 708 N.E.2d 340, 344-45 (Ill. 1999); *Sledge v. Bellwood Sch. Dist. 88*, 2010 WL 1579920, at *5 (N.D. Ill. Apr. 20, 2010), *aff'd,* 487 F. App'x 313 (7th Cir. 2012). Burgess agrees that "the judgment in [*Burgess II*] is final." Doc. 16 at 8.

The second requirement, the identity of the cause of action, is also satisfied. This requirement is governed by the "transactional test," which provides that "separate claims will be considered the same cause of action for purposes of *res judicata* if they arise from a single group of operative facts, regardless of whether they assert different theories of relief." *River Park*, 703 N.E.2d at 893; *see also Huon v. Johnson & Bell, Ltd.*, 757 F.3d 556, 558-59 (7th Cir. 2014); *Cooney v. Rossiter*, 986 N.E.2d 618, 622 (Ill. 2012) ("Illinois does not require the same evidence or an identical theory of relief."). What constitutes a "single group of operative facts" is

4

determined pragmatically, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *River Park*, 703 N.E.2d at 893 (internal quotation marks omitted); *see also Huon*, 757 F.3d at 558; *Altair Corp. v. Grand Premier Trust and Inv., Inc.*, 742 N.E. 2d 351, 355 (Ill. App. 2000).

As noted, Burgess in *Burgess II* alleged that the Board defamed him by accusing him of "gross misconduct" in "various insurance and personnel forms and filings." Doc. 10 at 425 ¶ 13. The Board's statements, Burgess claimed, were made to "injure [him], deny him employment, cover-up for his unlawful termination, deny [him] unemployment benefits, [and] ruin his reputation." Doc. 15 at ¶ 18; *see* Doc. 10 at 425 ¶ 15. In the present case, Burgess's breach of contract, retaliatory discharge, and First Amendment claims rest on the same premise—that the Board's stated reasons for terminating him (that he mistreated other employees and then lied about it) were false, and that the real reason was retaliation for his public criticism of the Superintendent. Thus, the gist of *Burgess II* and this suit centers on a single question, which can be answered by drawing upon a single set of operative facts: Were the Board's expressed reasons for terminating Burgess genuine, or were they a pretext or subterfuge to cover up a retaliatory termination? This easily satisfies the identity of the cause of action requirement. See *Parungao v. Comty. Health Sys., Inc.*, 858 F.3d 452, 458 (7th Cir. 2017) (holding that an identity of the cause of action existed between (1) a state court defamation suit alleging that the defendant hospital's staff made false statements about the plaintiff to other hospitals from which he sought employment and (2) a federal suit alleging that hospital staff initiated a sham peer review process and declined to inform other hospitals that the plaintiff was an employee in good standing, reasoning that "[w]hile his theory of recovery is different here than in [the state court case], both

5

suits arise out of statements made around the time he resigned that made it difficult for him to get another job"); *Dookeran v. Cnty. of Cook*, 987 N.E.2d 826, 829, 832-34 (Ill. App. 2013) (holding that two cases shared a single group of operative facts where the first sought administrative review of the denial of the plaintiff's reappointment to a hospital's medical staff and the second alleged retaliatory discharge and a false statement to the National Data Bank that the plaintiff's termination was based on unprofessional behavior).

Burgess contends that his claims in *Burgess II* are distinct from those here because *Burgess II* was "based not upon [Burgess's] termination … but … upon actions taken after the fact," namely the Board's statements in certain insurance and personnel forms. Doc. 16 at 7. That argument fails to persuade. The Seventh Circuit has explicitly rejected the notion that preclusion cannot apply where "the events underlying the two suits are not contemporaneous," noting that "the fact that some of the events [at issue] 'occurred at different times is not sufficient to find that they did not arise out of the same set of operative facts.'" *Huon*, 757 F.3d at 559 (quoting *Lane v. Kalcheim,* 915 N.E.2d 93, 101 (Ill. App. 2009)).

The third requirement of res judicata, the identity of parties or their privies, is clearly satisfied, as this case involves the same litigants as *Burgess II*. Burgess does not contest this point.

Finally, Burgess does not dispute that he had a full and fair opportunity to litigate in *Burgess II* the state and federal claims he brings in the present suit. The requirement that a plaintiff be given a full and fair opportunity in state court to litigate his claims "is met as long as the state proceedings satisfy the minimal procedural requirements of the Due Process Clause." *Pliska v. City of Stevens Point*, 823 F.2d 1168, 1172 (7th Cir. 1987) (noting that the rule that federal courts must give state court judgments "the same preclusive effect as would be given

suits arise out of statements made around the time he resigned that made it difficult for him to get another job"); *Dookeran v. Cnty. of Cook*, 987 N.E.2d 826, 829, 832-34 (Ill. App. 2013) (holding that two cases shared a single group of operative facts where the first sought administrative review of the denial of the plaintiff's reappointment to a hospital's medical staff and the second alleged retaliatory discharge and a false statement to the National Data Bank that the plaintiff's termination was based on unprofessional behavior).

Burgess contends that his claims in *Burgess II* are distinct from those here because *Burgess II* was "based not upon [Burgess's] termination … but … upon actions taken after the fact," namely the Board's statements in certain insurance and personnel forms. Doc. 16 at 7. That argument fails to persuade. The Seventh Circuit has explicitly rejected the notion that preclusion cannot apply where "the events underlying the two suits are not contemporaneous," noting that "the fact that some of the events [at issue] 'occurred at different times is not sufficient to find that they did not arise out of the same set of operative facts.'" *Huon*, 757 F.3d at 559 (quoting *Lane v. Kalcheim,* 915 N.E.2d 93, 101 (Ill. App. 2009)).

The third requirement of res judicata, the identity of parties or their privies, is clearly satisfied, as this case involves the same litigants as *Burgess II*. Burgess does not contest this point.

Finally, Burgess does not dispute that he had a full and fair opportunity to litigate in *Burgess II* the state and federal claims he brings in the present suit. The requirement that a plaintiff be given a full and fair opportunity in state court to litigate his claims "is met as long as the state proceedings satisfy the minimal procedural requirements of the Due Process Clause." *Pliska v. City of Stevens Point*, 823 F.2d 1168, 1172 (7th Cir. 1987) (noting that the rule that federal courts must give state court judgments "the same preclusive effect as would be given

under the law of the state that rendered the judgement … applies in § 1983 actions with respect to issues actually litigated as well as to those which could have been but were not litigated in the state proceedings"). Burgess has provided no reason to believe, and the court has no reason to doubt, that the proceedings in *Burgess II* satisfied this requirement. And it is beyond dispute that the state court could have adjudicated Burgess's § 1983 claim, *see Taffin v. Levitt*, 493 U.S. 455, 458 (1990) ("[S]tate courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."); *Rose v. Bd. of Elec. Comm'rs*, 815 F.3d 372, 374 (7th Cir. 2016) ("Nor is there any doubt that the state court was competent to resolve Rose's federal claims"), had he brought them there, *see Janus*, 851 F.3d at 748 (holding that the plaintiff had a full and fair opportunity to litigate his federal claim in state court where he "could have included his claim" in state court but failed to do so).

Because the state court rendered a final judgment on the merits in *Burgess II*, this suit and *Burgess II* arise from the same set of operative facts, there is an identity of parties in the two suits, and Burgess had a full and fair opportunity to raise in state court the claims he brings here, res judicata bars his claims in this case. Given this disposition, there is no need to address the Board's other grounds for summary judgment.

## Conclusion

The Board's summary judgment motion is granted. Final judgment will be entered in favor of the Board and against Burgess.

December 22, 2017

_____
United States District Judge

7